PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2006 Toyota Camry struck a broken section of pavement while he was traveling on Pleasant Valley Road near Benton’s Ferry, Marion County. Pleasant Valley Road is a road *30 maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:00 p.m. on August 12,2006. Pleasant Valley Road is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on Pleasant Valley Road when his vehicle struck a section of berm that had broken off. He stated that he had noticed the berm was in a state of disrepair previously but had not noticed how bad it was. Mr. Nuzum stated that the section that his vehicle struck was approximately eight feet long and over seven inches deep. Claimant’s vehicle struck the broken section of berm sustaining damage to both passenger side tires totaling $248.55.
The position of the respondent is that it did not have actual or constructive notice of the condition on Pleasant Valley Road at the site of the claimant’s accident for the date in question. Respondent did not present any witnesses or evidence at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the broken section of pavement which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the broken section of pavement and provide the Court an accurate portrayal of the size and location of the pavement on Pleasant Valley Road. The size of the broken section of road and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. However, at the hearing of this matter the Court directed the claimant to provide a copy of his insurance declaration page, which he did not submit. Therefore, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.